TATE, Judge.
The sole question presented by this appeal is whether the plaintiff is entitled to recover workmen’s compensation benefits for residual disability allegedly resulting from an accident at work on October 14, 1957. His suit against his employer and its compensation insurer was dismissed after trial on the merits.
As a result of the accident, the plaintiff Duhon sustained a fracture of the ninth rib and a contusion of the left ankle. He was paid nine weeks’ compensation benefits until he was discharged by his attending physician as fully able to return to work on December 13, 1957. Duhon’s chief present complaint is of a disabling pain in his back, as a result of which he is now allegedly unable to perform any strenuous exertion and has been unable to secure gainful employment since the accident, despite his obvious need as the father of five small children to do so.
The sole' evidence introduced by the claimant to prove this disability is his own testimony and that of a general practitioner who had treated him from April 18, 1958 (that is, six months after the accident) over the period of eight months prior to the trial of this matter in January of 1959.[1] It was also stipulated that the plaintiff’s failure to call lay witnesses “concerning the occurrence of the accident’’ should not be construed against him. (Tr. 61.) No lay witnesses were introduced to corroborate the claimant’s self-given history of inability to obtain or maintain employment following the accident because of complaints of pain.
In dismissing this suit, the trial court held that this evidence did not preponderate over the testimony of (a) a general surgeon, who had treated the plaintiff following the accident and until his medical discharge as fully cured nine weeks later and (b) an orthopedist, who had examined the claimant on May 13, 1958, about seven months after the accident. These physicians could not find any objective symptoms to justify Duhon’s complaints of pain, such as muscle spasm, a flattened lumbar curve, or restriction in bending. Further, they found that an arthritic condition of the spine reflected by the X-rays taken in October and November of 1957 (immediately after the injuries) pre-dated the accident, were not related to it, and were not related to Duhon’s complaints of pain. (Tr. 18, 25, 32.)
We cannot say that the trial court committed manifest error in holding that this medical evidence preponderated over the testimony of the general practitioner who testified on the claimant’s behalf.
It is true that this latter physician’s testimony is unusually positive and strong. He states, for instance, that he saw the plaintiff over one hundred times during *549 the eight months prior to trial and that, as objective evidence of pain, muscle spasm along the spine was manifested on practically every occasion that he saw the claimant. He also interprets the findings of his own X-rays taken in April and in September of 1958 as showing arthritic changes and narrowing of the disc inter-spaces related to or aggravated by the accident.
On the other hand, sometimes what to one physician is muscle spasm, to another is voluntary muscle contracture; what to one physician is a significant disc narrowing, to another is among the normal and non-significant individual variations in human physiologies. While admitting that numbers alone of medical witnesses do not necessarily determine the preponderance of the medical evidence, we recognize that against this perhaps individualized opinion of this single general practitioner we have the positive contrary opinion of non-disability given by two specialists, one of them in the field of orthopedics in which this alleged disability arises, the other of whom was the attending physician who saw the claimant at least twenty times over the period of nine weeks after the accident.
It is to be further noted that the general practitioner testifying that plaintiff is disabled relied primarily upon his memory as to his findings rather than upon his office records (Tr. 79-80), and that his opinion that the arthritic changes shown by his X-ray plates were related to the accident is based upon his assumption that such were not shown on the X-ray plates taken immediately after the accident (which he had never seen) (Tr. 76-78, 80), whereas as before noted the medical experts who actually viewed those plates felt that the arthritic changes pre-dated the accident. We note also that to some extent the general practitioner’s diagnosis depends upon his assumption that the plaintiff complained of pain in the back immediately following the accident and always thereafter (Tr. 78-79), whereas actually Duhon did not complain of back pain to his attending physician until a month after the accident (Tr. 24).
Able counsel for the plaintiff-appellant relies upon the decision of our Supreme Court in Stringer v. Brown Paper Mill Co., 224 La. 964, 71 So.2d 343. There the positive testimony of a general practitioner (the initial attending physician) and an orthopedist, based upon objective symptoms as well as history, that the injured workman was disabled by a disc condition, was1 held to preponderate over the merely negative testimony of two orthopedists, who saw the claimant upon a single occasion and stated that they found no such disability.
That case is distinguishable from the present. Here, so far as the record reveals, no effort- was made to corroborate by other medical evidence the single general practitioner’s opinion of orthopedic disability; the history and assumed earlier X-ray findings upon which his opinion are based are found to be inaccurate; and the orthopedist’s interpretation of X-rays taken in May, 1958, entitled to greater weight in the field of his specialty, negatives the significance attached to the X-ray findings of April, 1958, by the general practitioner. Also, the initial attending physician could find no relation between the complaints of back pain and the injuries sustained in the accident.
Finding no manifest error, the judgment of the trial court dismissing this suit is
Affirmed.

. The only other witness tendered by the plaintiff is a physician who had examined him for complaints of back pain on January 27, 1958, and who had given him four heat treatments, but who stated that he had not examined the claimant thoroughly enough to determine at the time whether there was anything really wrong with him.